

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| WENDELL L. HAWKINS, PA,　　　　Plaintiff, | § § § | |
| vs. | § | CIVIL ACTION NO. 6:16-0455-MGL |
| FIDELITY NATIONAL TITLE INSURANCE COMPANY,　　　　Defendant. | § § § § § | |

| | | |
|---|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY,　　　　Plaintiff, | § § § § | |
| vs. | § | CIVIL ACTION NO. 6:16-0531-MGL |
| WENDELL L. HAWKINS, PA,　　　　Defendant. | § § § § | |

MEMORANDUM OPINION AND ORDER
DISMISSING FIDELITY NATIONAL INSURANCE COMPANY'S PETITION
WITHOUT PREJUDICE

### I.   INTRODUCTION

Underlying the arguments in these actions is Fidelity National Title Insurance Company's (FNTIC)'s professional negligence claim against Wendell L. Hawkins, PA (Hawkins). Each of the separately filed cases involves a dispute over the propriety of whether arbitration compelled by this Court is the proper manner in which to settle the matter.

Pending before the Court is FNTIC's Petition for an Order Compelling Arbitration and Hawkins's Motion to Stay and/or Dismiss FNTIC's Petition for an Order Compelling Arbitration. Having carefully considered the petition, the motion, the responses, the supplemental briefing, the record in each of the cases, and the applicable law, it is the judgment of the Court that FNTIC's Petition for an Order Compelling Arbitration will be dismissed without prejudice and Hawkins's Motion to Stay and/or Dismiss FNTIC's Petition for an Order Compelling Arbitration will be rendered moot.

## II.    FACTUAL AND PROCEDURAL HISTORY

Hawkins, an attorney licensed in the State of South Carolina, entered into a Title Insurance Agency Agreement with Lawyers Title Insurance Company (LTIC) on or about June 1, 2001. Civil Action No. 6:16-0455-MGL (*Hawkins I*), ECF No. 1-1. As is applicable here, the Agreement set forth the following:

> Unless prohibited by applicable law or regulation, either [LTIC] or [Hawkins] may demand arbitration pursuant to the Arbitration Rules of the American Arbitration Association. Arbitrable matters may include any controversy or claim between [LTIC] and [Hawkins] arising out of or relating to [the agreement between [LTIC] and Hawkins]. Arbitration pursuant to th[e] Agreement shall be under the rules in effect on the date the demand for arbitration is made. Judgment upon the award rendered by the Arbitrator(s) may be entered in any court having jurisdiction thereof.

*Id*. at 5. FNTIC is LTIC's successor in interest. *Hawkins I*, ECF No. 8 at 1.

The facts of the underlying dispute are set out in the "American Arbitration Association Online Filing Acknowledgement," which states, in relevant part, that

> [FNTIC] seeks indemnification for a claim it paid under the provisions of Title Insurance Policy Number G910045489 ("Policy") that it issued through its agent, [Hawkins]. [Hawkins] conducted a loan closing for Mary-Frances Liggett

2

> ("Mortgagor") involving a mortgage given to Greenpointe Mortgage Funding, Inc. ("Insured") for which real property served as collateral ("Property"). The Mortgagor, as a Member of Jasmine Place, LLC ("LLC") had previously conveyed the Property, which at the time was titled in the name of the LLC, to herself. [Hawkins] conducted a title search and failed to recognize that the Property was not properly vested in the name of the Mortgagor. Thereafter, as the result of a foreclosure action brought by Federal National Mortgage Association ("FNMA"), as successor in interest to the Insured, the LLC fought the foreclosure claiming, among other defenses, that the transfer of the Property to Mortgagor was invalid because the LLC required all members to sign the deed to the Mortgagor and not just one Member. [FNTIC] retained counsel and negotiated settlement and paid a Claim under the provisions of the Policy in the amount of $65,000 and incurred expenses in the amount of $9,821.93 as a result of the foreclosure action.
> Claim Amount                                                                 $74,821.93

*Hawkins I*, ECF No. 1-2 at 4.

The procedural history is this case is somewhat unusual. FNTIC filed its Petition for an Order Compelling Arbitration on February 17, 2016. Civil Action No. 6:16-0531-MGL (*Hawkins II*), ECF. No. 1. On the same date, Hawkins opened a new case in which he filed his Motion to Stay Arbitration, and/or to Dismiss FNTIC's Petition for an Order Compelling Arbitration on the same date. *Hawkins I*, ECF No. 1. On March 10, 2016, Hawkins filed his response in opposition to FNTIC's Petition for an Order Compelling Arbitration, *Hawkins II*, ECF No. 6, and FNTIC responded in opposition to Hawkins's Motion to Stay and/or Dismiss on March 18, 2016, *Hawkins I*, ECF No. 8. The Court subsequently asked for supplemental briefing on several issues, which the parties filed, along with their responses in opposition to the other parties' briefs.

**III.    STANDARD OF REVIEW**

The Federal Arbitration Act (FAA) provides a federal district court with the authority to enforce an arbitration agreement by compelling parties to arbitrate their dispute. 9 U.S.C. § 4 ("A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written

agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28 . . . for an order directing that such arbitration proceed in the manner provided for in such agreement."). States are vested with the same authority. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 (1983). Section 2 of the FAA applies to any "contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract," and it provides that the written agreements to arbitrate contained in such contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The United States Supreme Court has also noted a strong federal policy favoring arbitration. *See Moses H. Cone*, 460 U.S. at 24-25.

The Fourth Circuit Court of Appeals recognized the FAA's strong federal policy favoring arbitration agreements in *Adkins v. Labor Ready, Inc.*, 303 F.3d 496 (4th Cir. 2002), where the court stated, "A district court . . . has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview." *Id.* at 500 (citing *United States v. Bankers Ins. Co.*, 245 F.3d 315, 319 (4th Cir. 2001)). The court further stated: "In the Fourth Circuit, a litigant can compel arbitration under the FAA if he can demonstrate '(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision [that] purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute.'" *Id.* at 500-01 (quoting *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991)). Because "arbitration constitutes a more efficient dispute resolution process than litigation . . . 'due regard must be given to the federal policy favoring arbitration, and

4

ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration.'" *Id.* at 500 (quoting *Volt Info. Sciences, Inc. v. Bd. of Tr. of Leland Stanford Junior Univ.*, 489 U.S. 468, 475-76 (1989)) (citing *Hightower v. GMRI, Inc.*, 272 F.3d 239, 241 (4th Cir. 2001)).

For this Court to hear the dispute and rule on Petitioner's motion, the Court must have subject matter jurisdiction under 28 U.S.C. § 1332. Importantly, the FAA alone does not supply jurisdiction to the Court, because although it is a federal law, "it does not create any independent federal question jurisdiction under 28 U.S.C. § 1331." *Moses H. Cone*, 460 U.S. at 25 n.32. Rather, the Supreme Court has held that "there must be diversity of citizenship or some other independent basis for federal-question jurisdiction before the order [compelling arbitration] can issue." *Id.* (citing *Commercial Metals Co. v. Balfour, Guthrie, & Co.*, 577 F.2d 264, 268-69 (5th Cir. 1978)). A federal district court has subject matter jurisdiction through diversity of citizenship when the action is between citizens of different states and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332(a).

**IV.     CONTENTIONS OF THE PARTIES**

Hawkins's argument that this Court should not enter an order compelling arbitration rests upon three bases. First, Hawkins contends that the controversy between the parties does not involve interstate commerce. Second, Hawkins avers that S.C. Code § 15-36-100(B) applies.[*] Section 15-36-100(B) provides that, when suing one for professional negligence, "the plaintiff must file as part of the complaint an affidavit of an expert witness which must specify at least one negligent act or

---

[*] Although Hawkins cites to S.C. Code § 15-39-100 in his motion, *Hawkins I*, ECF No. 1 at 5, this is evidently a scrivener's error. The statute that he quotes is actually § 15-36-100. *See id.*

5

omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit." *Id*. Hawkins maintains that because FNTIC failed to file an affidavit as required by § 15-36-100(B), its demand for arbitration should be dismissed. And, third, after the Court directed the parties to brief the Court on the issue as to whether the jurisdictional amount of $75,000, as required by 28 U.S.C. § 1332, has been satisfied, Hawkins argues in his supplemental briefs that it has not been met.

FNTIC asserts that Hawkins is mistaken as to each of its arguments. FNTIC also avows that it has standing to seek arbitration in this matter. Although Hawkins briefly suggested otherwise in his motion, he made no argument in support of it. Therefore, the issue of standing is not before the Court.

The Court now turns to its discussion and analysis of the merits of the parties' contentions.

## V.     DISCUSSION AND ANALYSIS

First, Hawkins avers that the controversy between the parties does not involve interstate commerce. This declaration is without merit.

Hawkins, an attorney licenced in the state of South Carolina, entered into an agreement with LTIC, a Virginia title insurance corporation with its headquarters in Glen Allen, Virginia. FNTIC, another title insurance corporation, whose headquarters is located in California, later acquired LTIC, and, as already stated, became its successor in interest. The underlying claim occurred before FNTIC's acquisition of LTIC. Consequently, as LTIC's successor in interest, FNTIC is stepping in the shoes of LTIC for purposes of the present dispute.

The agreement contains an arbitration clause, which provides that either party can request arbitration under the FAA. Hawkins was allegedly negligent in a title search causing LTIC to pay a claim that FNTIC now seeks to indemnify.

The Supreme Court has "interpreted the term 'involving commerce' in the FAA as the functional equivalent of the more familiar term 'affecting commerce'–words of art that ordinarily signal the broadest permissible exercise of Congress' Commerce Clause power." *Citizens Bank v. Alafabco, Inc. v. Alafabco*, 539 U.S.C. 52, 56 (2003) (citing *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 271 (1995)). "Because the statute provides for 'the enforcement of arbitration agreements within the full reach of the Commerce Clause,'" *id*. (quoting *Perry v. Thomas*, 482 U.S. 483, 490 (1987)), "it is perfectly clear that the FAA encompasses a wider range of transactions than those actually 'in commerce'–that is, 'within the flow of interstate commerce,'" *id*. (quoting *Allied-Bruce Terminix Cos.*, 513 U.S. at 271).

According to the terms of the Agreement,

> [Hawkins] shall retain sixty percent (60%) of each title insurance policy premium as commission and remit the remainder to [LTIC] together with reports, policies and endorsements monthly, to the National Processing Center at the address specified below:
>
> LandAmerica Financial Group, Inc.
> Agency Service Center
> 7707 National Turnpike, Unit 170
> Louisville, Kentucky 40214-4803
> P.O. Box 35180
> Louisville, Kentucky 40232-5180

*Hawkins I*, ECF No. 8-1 at 2.

As a preliminary matter, Hawkins's statement that he delivered the premiums and supporting documentation to LTIC's office in Columbia, South Carolina, and not directly to Louisville,

Kentucky, is of no aid to his argument.  By the terms of the agreement, Hawkins knew or should have known that anything he delivered to LTIC's office in Columbia, South Carolina, was going to, in turn, be delivered out of state–to Kentucky.  But even if that were not enough to meet the "affecting commerce," there is more.

As noted in Fidelity's Memorandum in Opposition to Hawkins's Motion to Stay Arbitration and Dismiss,

> The Claim that is the subject of the Petition by which Fidelity seeks arbitration involves a payment made to a claimant under the provisions of a title insurance policy issued by Hawkins. The Claim was administered by the LTIC service center located in Jacksonville, Florida.  Claims administration included, but was not limited to, reviewing the Claim and its supporting documentation and obtaining local counsel to resolve issues with the Claim.  The law firm of Callison, Tighe, and Robinson, LLC (its "Counsel") in Columbia, South Carolina was obtained to represent LTIC in resolving the Claim.  The transmission and review of documents related to the Claim and obtaining its Counsel all would have involved the use of modes of transmission involving interstate commerce, e.g., interstate telephone communications, interstate electronic transmission, United States Postal Service, or overnight shipping service provider, all of such services involving interstate commerce and all regulated by the United States government.
>
> When the decision was made by LTIC to pay the Claim, based on recommendation of its Counsel, the Claim payment check was issued by its office located in Jacksonville, Florida and sent to its Counsel in the state of South Carolina for further disbursement to the claimant. The Claim payment was made by a check drawn on a National Bank located in California and deposited into an account maintained by its Counsel in a National Bank located in South Carolina. Such transmission of funds involved interstate commerce between the National Banks, which are regulated by the United States government.

*Hawkins I*, ECF No. 8 at 5 (citations omitted).

Further, the Court notes that the parties who entered into the agreement were two sophisticated parties: a licensed attorney and a title insurance company.  There can be no dispute that the agreement plainly states that arbitration would proceed under the FAA.  As such, the parties

8

knew or should have know that any controversy between the two would involve interstate in that the FAA is inapplicable if interstate commerce is not involved. But, even assuming that Hawkins was somehow and for some reason unfamiliar with that law, as discussed above, his argument that the dispute fails to involve interstate commerce is incredible.

Second, Hawkins states that S.C. Code § 15-36-100(B) is applicable to this case. FNTIC argues that it does not. The Court finds neither parties' arguments on this issue particularly compelling. Accordingly, assuming without deciding that S.C. Code § 15-36-100(B) has some bearing on this action, in the interests of justice and an abundance of caution, as well as at the suggestion of Hawkins, the Court will dismiss Fidelity's case "without prejudice to re-file," *Hawkins I*, ECF No. 18 at 15, so it can obtain an affidavit from an expert as required by S.C. Code § 15-36-100(B).

Third, after being prompted by the Court, Hawkins states in his supplemental briefing that FNTIC has failed to satisfy the 28 U.S.C. § 1332 jurisdictional requirement of $75,000. FNTIC argues that it has not. Given the Court's dismissal of the action without prejudice, the Court will save its adjudication of this argument for another day.

### VI.  CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court that FNTIC's Petition for an Order Compelling Arbitration is **DISMISSED WITHOUT PREJUDICE** with leave to re-file; and Hawkins's Motion to Stay and/or Dismiss FNTIC's Petition for an Order Compelling Arbitration is **RENDERED MOOT**.

**IT IS SO ORDERED**.

Signed this day of 17th day of May, 2016, in Columbia, South Carolina.

                                                        s/Mary Geiger Lewis  
                                                        MARY GEIGER LEWIS  
                                                        UNITED STATES DISTRICT